1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re Rule 45 Subpoena Directed to One.com

Case No.: 2:21-mc-00023 RSL

Related Case No. 2:19-cv-02746-DWL
U.S. District Court, District of Arizona

**DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO ONE.COM**

NOTED ON MOTION CALENDAR:
Friday, March 12, 2021

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.    **INTRODUCTION**

Defendant GoDaddy.com, LLC ("GoDaddy") brings the instant motion to compel One.com to comply with GoDaddy's document subpoena, which GoDaddy served on One.com on January 22, 2021.  The return date on the subpoena was February 4, 2021, and to date, One.com has not objected to the subpoena, or produced any documents in response to the subpoena.  GoDaddy respectfully requests that the Court enter an order compelling One.com to comply with this subpoena.

## II.    **FACTUAL AND PROCEDURAL BACKGROUND**

This motion arises out of a subpoena served upon One.com on January 22, 2021, in a litigation matter entitled *SiteLock, LLC v. GoDaddy.com, LLC* (USDC Arizona Case No.: 2:19-cv-02746-DWL) (the "SiteLock Action").  *See* Declaration of Paula L. Zecchini ("Zecchini Decl.") at ¶¶ 1-6, Ex. A.  In the SiteLock Action, Plaintiff SiteLock, LLC ("SiteLock"), has asserted, *inter alia*, breach of contract claims related to a November 4, 2013 Reseller Agreement ("Reseller Agreement") between GoDaddy and SiteLock, which, in part, authorized GoDaddy to promote SiteLock's off-the-rack software products.  Zecchini Decl. at ¶ 2.  GoDaddy's Answer to SiteLock's Complaint includes an affirmative defense for set-off, *see* Dkt. No. 13 at 14,[1] which is based in part on SiteLock's breach of a most favored nation ("MFN") provision in the Reseller Agreement that obligated SiteLock to ensure that GoDaddy was afforded "the lowest [pricing terms] offered by SiteLock or any of its affiliates."  Dkt. No. 1-2, at 8; Zecchini Decl. at ¶ 3.  In the SiteLock Action, GoDaddy sought discovery related to its defense based on SiteLock's breach of the MFN provision, and SiteLock ultimately produced—under a Court Order compelling their production—third party reseller agreements that included SiteLock's contract with One.com.  Zecchini Decl. ¶ 4.  That agreement indicates that SiteLock gave One.com more favorable pricing terms than GoDaddy.  *Id.* at ¶ 5.  Therefore, GoDaddy served

---

[1] Citations to the docket are to the corresponding entries in the SiteLock Action.

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO ONE.COM - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

the subpoena on One.com to obtain limited, narrow discovery from One.com regarding (1) the lowest pricing terms SiteLock gave to One.com, and (2) the features of the SiteLock products One.com offered.[2]  *See* Zecchini Decl. ¶ 6, Ex. A.  On January 6, 2021, the Court in the SiteLock Action denied SiteLock's motion for protective order which concerned, in part, third party document subpoenas GoDaddy had served on other entities seeking the same categories of information sought in the One.com subpoena.  *See* Dkt. No. 248; Zecchini Decl. at ¶ 9.

The time specified for compliance in the subpoena that GoDaddy served on One.com was February 4, 2021.  Zecchini Decl. at ¶ 6, Ex. A.  The location specified for compliance was "Produce electronically to Paula Zecchini, Cozen O'Connor, 999 Third Avenue, Suite 1900, Seattle, WA 98104 at PZecchini@cozen.com."  *Id*.  One.com has not, to date, produced any documents in response to the subpoena, or served any response or objection to the subpoena.  *Id*. at ¶ 8.  SiteLock has not, to date, served any objection or responses to the subpoena, nor has it made any effort to address the subpoena with GoDaddy, either independently or on One.com's behalf.  *Id*. at ¶ 9.

## III.   <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure allow a party to obtain from a non-party discovery materials of any non-privileged matter that is relevant to a claim or defense of any party.  *See* Fed. R. Civ. Pro. 45(a)(1)(C); Fed. R. Civ. Pro. 26(b)(1).  The "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."  *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006); *see also Lewin v. Nackard Bottling Co.*, No. CV 10-8041-PCT-FJM, 2010 WL 4607402, at *1 n.1 (D. Ariz. Nov. 4, 2010).  Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Berwick v. Hartford*

_____

[2] Although the products in the One.com agreement have the same names as the products in SiteLock's agreement with GoDaddy, SiteLock has argued that identically named products may have different features.

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO ONE.COM - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1   *Fire Ins. Co.*, No. MC 12-00055-PHX-FJM, 2012 WL 2856117, at *1 (D. Ariz. July 11, 2012)

2   (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quotation marks

3   omitted)).

4        Fed. R. Civ. P. 45(d)(2)(B) requires that the recipient of a subpoena *duces tecum* serve

5   any objections to it within 14 days after service or before the time specified for compliance,

6   whichever is earlier.  "[F]ailure to timely object waives the right to object later." *Cen Com Inc.*

7   *v. Numerex Corp.*, No. C17-0560 RSM, 2018 WL 1737943, at *2 (W.D. Wash., Apr. 11, 2018);

8   *see also Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. MC 13-004- TUC-CKJ, 2013 WL

9   5744045, at *3 (D. Ariz. Oct. 23, 2013) ("[A] nonparty's failure to timely make objections to a

10   Rule 45 subpoena *duces tecum* generally requires the court to find that any objection has been

11   waived."); *Avila v. Cate*, No. 1:09cv918-LJO-SKO, 2013 WL 428732, at *2-3 (E.D. Cal. Feb.

12   1, 2013) (same); *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (same).

13   "Upon failing to obey a lawful subpoena without an adequate excuse, a recipient may be held in

14   contempt." *Malden Transportation, Inc. v. Uber Technologies, Inc.*, No. C18-1592RSM, 2018

15   WL 5808422, at *1 (W.D. Wash., Nov. 6, 2018) (citing Fed. R. Civ. P. 45(g)).

16

17   **IV.    ONE.COM MUST PRODUCE RESPONSIVE DOCUMENTS**

18        One.com was served with GoDaddy's subpoena on January 22, 2021.  *See* Zecchini Decl.

19   at ¶ 6, Ex. A.  The subpoena requested that One.com produce documents by February 4, 2021.

20   *See id*.  As such, One.com's objections or responses to the subpoena were due on or before

21   February 4, 2021.  To date, One.com has failed to provide any response to the subpoena.  *See id*.

22   at ¶ 8.  One.com has therefore waived all grounds for objection.  *See McCoy*, 211 F.R.D. at 385;

23   *see also Voxpath RS, LLC*, 2013 WL 5744045, at *3; *United States ex rel. Schwartz v. TRW,*

24   *Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002); *Wade v. City of Fruitland*, 287 F.R.D. 638, 641 (D.

25   Idaho 2013).  As such, One.com should be ordered to comply.  *Malden Transportation, Inc.*,

26   2018 WL 5808422, at *2 (granting motion to compel out-of-district subpoenaed documents

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO ONE.COM - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1   when recipient failed to object or move to quash or modify subpoenas).  Allowing a subpoena

2   recipient to disregard a subpoena in its entirety would render Rule 45 a nullity and enable

3   recipients to openly disobey a court order.  *See, e.g.*, *United States Sec. & Exch. Comm'n v.*

4   *Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010) (explaining that a Rule 45 subpoena is a "court order

5   subject to contempt sanctions if disobeyed").

6          Although One.com waived any and all objections to the subpoena, if One.com files a

7   response, One.com may attempt to argue that the subpoena did not command production of

8   documents within "100 miles of where the person resides, is employed, or regularly transacts

9   business in person."  Fed. R. Civ. Proc. 45(c)(2)(A).  Such an objection would meritless.  First,

10  One.com waived any objection under that rule.  *Sol v. Whiting*, No. CV-10-01061-PHX-SRB

11  2014 WL 12526314, at *2 (D. Ariz., July 22, 2014) (concluding that defendant waived objection

12  to subpoena and stating "nothing in Rule 45 or elsewhere suggests that the rules for asserting

13  timely objections do not apply when the 100-mile rule is the basis for an objection").  Second,

14  "numerous courts have compelled compliance with a subpoena duces tecum that required the

15  production of documents more than 100 miles from where the recipient resided, worked, or

16  regularly transacted business."  *Sol*, 2014 WL 12526314, at *2; *See also Walker v. Ctr. for Food*

17  *Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) ("[T]he 100 mile limit applies to travel by a

18  subpoenaed person, but a person commanded to produce documents need not appear in person

19  at the place of production or inspection." (internal quotation marks omitted)); *Jett v. Penner*, No.

20  S02-2036 GEBJFMP, 2007 WL 127790, at *2 (E.D. Cal. Jan. 12, 2007) (holding subpoenaed

21  party was not excused on the ground that the requested records were located more than 100 miles

22  from the place they were to be produced when there was no requirement to travel to deliver the

23  records).  This is particularly true when the subpoena at issue requests that documents be

24  provided electronically.  *Cen Com Inc.*, 2018 WL 1737943, at *2 (holding subpoenas complied

25  with Rule 45 because "[t]hey do not ask the individuals to travel more than 100 miles from where

26  they live or work; rather, Defendants have requested that the documents be provided

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO ONE.COM - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

electronically"); *see also Curtis v. Progressive Northern Insurance Company*, No. CIV-17-1076-C, 2018 WL 2976432, at *2 (W.D. Okla., June 13, 2018) (granting motion to compel when the "subpoena at issue [did] not require the travel or attendance of any witnesses and Plaintiff [was] requesting the production of electronic documents.").

Further, the subpoena set forth targeted, limited document requests to obtain information that is critical to GoDaddy's defenses to SiteLock's claims. In the SiteLock Action, GoDaddy contends that SiteLock gave better pricing terms to other reseller partners in direct violation of SiteLock's obligation to provide GoDaddy with the most favorable pricing terms. *See* Dkt. No. 248 at 24-26 (denying SiteLock's motion for protective order with regard to the type of information sought by the subpoena, and finding that it was relevant to GoDaddy's defenses to SiteLock's claims). The requests in the subpoena are specifically and narrowly targeted to individual SiteLock products set forth in One.com's reseller agreement with SiteLock, and merely demand documents "sufficient to show" (1) if SiteLock ever agreed to pricing terms with One.com below the terms set forth in One.com's contract with SiteLock, and (2) the features of those products. One.com should therefore be directed to fully comply with the subpoena.

## V.    CONCLUSION

WHEREFORE, GoDaddy respectfully requests that this Court issue an order compelling One.com to produce all documents responsive to the requests in the subpoena within ten (10) days of the resolution of this motion.

///
///
///
///
///
///

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO ONE.COM - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

DATED:   February 25, 2021                    COZEN O'CONNOR


By:  _s/ Paula L. Zecchini_
By:  _s/ Sydney R. Hitchcock_
Paula L. Zecchini, WSBA No. 48266
E-mail:    pzecchini@cozen.com
Nathan Dooley, *pro hac vice to follow*
E-mail:    ndooley@cozen.com
Sydney R. Hitchcock, WSBA No. 55426
E-mail:    sydneyhitchcock@cozen.com

999 Third Avenue, Suite 1900
Seattle, Washington  98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783

Attorneys for Defendant GoDaddy.com, LLC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO ONE.COM - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing documents via electronic mail on February 25, 2021, and due to COVID-19 restrictions via overnight mail on February 26, 2021, to the following:

Thomas A. Gilson                    Kevin B. Huff
Beus Gilbert PLLC                   Thomas G. Schultz
701 N. 44th Street                  Leslie V. Pope
Phoenix, Arizona 85008              Kellogg, Hansen, et al.
(480) 429-3000                      1615 M Street, N.W. Suite 400
tgilson@beusgilbert.com             Washington, DC 20036
                                    (202) 326-7900
Counsel for Plaintiff               khuff@kellogghansen.com
                                    tschultz@kellogghansen.com
                                    lpope@kellogghansen.com

I further certify that the foregoing documents have been sent out for personal service, and due to COVID-19 restrictions were also served via overnight mail on February 26, 2021, on the following:

One.com
7288 Hanover Green Dr.
Mechanicsville, VA 23111

DATED this February 25, 2021

                        COZEN O'CONNOR


                        By:   s/ Paula Zecchini
                            Paula Zecchini

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO ONE.COM - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000